MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Bell, | No. CV 09-2489-PHX-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Jail Sheriff's Office, et al., | |
| Defendants. | |

Plaintiff Ernest Bell, who is confined in the Maricopa County Lower Buckeye Jail, has filed a *pro se* civil rights Complaint (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3). The Court will dismiss the action.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

1 | **II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

### III. Complaint

In his one-count Complaint, Plaintiff sues Defendants Maricopa County Jail Sheriff's Office and Captain Cesline. Plaintiff alleges a violation of the Eighth Amendment prohibition against cruel and unusual punishment because the Jail was on "72 hour lockdown" and he was unable to shower for 96 hours. In his Request for Relief, Plaintiff seeks injunctive and compensatory relief.

### IV. Failure to State a Claim

#### A. Improper Defendant

The Maricopa County Jail Sheriff's Office is not a proper defendant. In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and not a "person" amenable to suit pursuant to § 1983. Accordingly, the Maricopa County Jail Sheriff's Office will be dismissed from this action.

#### B. Failure to Link Defendant with Injuries

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S.

658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S. Ct. at 1948.

Plaintiff has not alleged that Defendant Cesline personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Thus, the Court will dismiss Defendant Cesline.

### C. Failure to State a Claim

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837 (emphasis added).

The specific inquiry with respect to pretrial detainees is whether the prison conditions amount to "punishment" without due process in violation of the Fourteenth Amendment. Bell, 441 U.S. at 535. To comply with the Eighth Amendment's prohibition against cruel and unusual punishment, a prison must provide prisoners with "adequate food, clothing, shelter, sanitation, medical care, and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246

1 (9th Cir. 1982). This does not mean that federal courts can, or should, interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. See Bell, 441 U.S. at 539 n.21 (noting that a *de minimis* level of imposition does not rise to a constitutional violation). Whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to that condition. See Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978)).

Plaintiff does not allege that any individual acted with deliberate indifference. Moreover, although Plaintiff may have been inconvenienced by not being allowed to take a shower for four days, this denial simply does not rise to the level of an Eighth or Fourteenth Amendment violation. Accordingly, the Court will dismiss Count One.

## V.     Dismissal of Complaint Without Leave to Amend

Because it is clear from the face of the Complaint that the deficiencies in the Complaint cannot be cured by amendment, the Court will dismiss the Complaint without leave to amend and will direct the Clerk of Court to enter judgment. See Lopez, 203 F.3d at 1130.

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint (Doc. #1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

DATED this 8th day of December, 2009.

_____
David G. Campbell
United States District Judge